UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARLON JACKSON, an individual, | ) ) |
| Plaintiff, | ) Case No: ) ) Judge: ) |
| v. | ) Magistrate Judge: ) |
| CITY OF ZACHARY, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, MARLON JACKSON, by and through his undersigned counsel, hereby files this Complaint and sues CITY OF ZACHARY for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with Disabilities Act" or "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"), and Louisiana state law and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*, and Louisiana state law. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in East Baton Rouge Parish, Louisiana.

1

3. Plaintiff, MARLON JACKSON, (hereinafter referred to as "MR. JACKSON") is a resident of the State of Louisiana, East Baton Rouge Parish.

4. MR. JACKSON is a qualified individual with a disability under the ADA. MR. JACKSON has paraplegia because of a T-11 spinal cord injury.

5. Due to his disability, MR. JACKSON is substantially impaired in several major life activities as he is unable to walk or stand without assistance and requires a wheelchair to ambulate.

6. Upon information and belief, the CITY OF ZACHARY (hereinafter referred to as "ZACHARY") constitutes the political entity which owns and operates the Zachary City Court located at 4510 Main Street, Zachary, Louisiana 70791 (hereinafter referred to as "the Property").

7. Upon information and belief, the Property is a public facility which is open to members of the public, including MR. JACKSON.

8. ZACHARY is responsible for complying with the obligations of the ADA and the Rehabilitation Act.

9. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, East Baton Rouge Parish, Louisiana.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISIBILITIES ACT

10. MR. JACKSON realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11. Upon information and belief, ZACHARY owns and operates the Property where services and programs are offered by the City Court of Zachary, among others.

2

12. MR. JACKSON has visited the Property several times in the past.

13. MR. JACKSON has encountered numerous architectural barriers while attempting to navigate the Property in his wheelchair.

14. MR. JACKSON has been to the Property to appear in court as a litigant.

15. MR. JACKSON visited the Property for a criminal court appearance most recently on September 17, 2025.

16. MR. JACKSON intends to return to the Property when he requires as a resident of Zachary to utilize the city and court services available at the Property.

17. MR. JACKSON lives less than one (1) mile from the Property.

18. On April 9, 2025, MR. JACKSON was injured at the Property due to DEFENDANT's non-compliant parking lot. MR. JACKSON was at the Property for an appearance at the criminal court.

19. MR. JACKSON parked in a purportedly designated-accessible parking space on the east side of the Property. When MR. JACKSON got out of his vehicle and started to ambulate his wheelchair toward the building at the Property, his wheelchair tipped over due to an impermissible change in level adjacent to the designated-accessible parking space.

20. MR. JACKSON hit his head and scraped his left hand, causing his finger to bleed. MR. JACKSON went to urgent care following this incident.

21. On July 31, 2025, MR. JACKSON emailed a request for reasonable accommodation to Mayor David McDavid. In this request MR. JACKSON identified the following ADA violations at the Property and requested that they be fixed:

    A. The designated-accessible parking space on the Eastern side:
        1. Contains an impermissible slope;

      2. Lacks an access aisle; and

      3. Lacks vertical signage.

   B. The accessible route that connects the designated-accessible parking space on the Eastern side:

      1. Contains an impermissible slope and cross-slope;

      2. Contains impermissible gaps;

      3. Contains impermissible changes in level;

      4. Lacks an access aisle; and

      5. The curb ramp is blocked by the parking space.

   C. The designated-accessible parking space on the Southern side:

      1. Is not located closest to the facility's entrance; and

      2. There is an impermissible gap between the access aisle and the curb ramp.

22. As of MR. JACKSON's most recent visit to the Property on September 17, 2025, none of the barriers have been removed.

23. MR. JACKSON is aware of mobility-related barriers at the Property, as mentioned in his request for reasonable accommodation and listed in Paragraph 21.

24. MR. JACKSON anticipates that he will require use of the services, programs, and activities at the Property, as he has in the past as a resident of Zachary. MR. JACKSON has upcoming court dates scheduled which will require him to visit the Property in the future.

25. MR. JACKSON presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

26. The barriers discussed in Paragraph 21 are mobility-related and threaten to deny

MR. JACKSON equal access to the services, programs, and activities offered at the Property.

27. The barriers discussed in Paragraph 21 are excluding MR. JACKSON from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered at the Property.

28. MR. JACKSON has reasonable grounds for believing that he will continue to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 21.

29. ZACHARY is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is therefore subject to Title II of the ADA and its implementing regulations.

30. Title II of the ADA sets various requirements, including the "new construction/alteration" standard and the "program access" standard. The "new construction/alteration" standard and the "program access" standard apply to parts of a facility that have been altered since the passage of the ADA.

31. Under the "new construction/alteration" standard, a public entity is required to comply with the requirements of the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG"). The ADAAG sets forth the specific requirements and standards for architectural design of a facility, including ramps and restrooms.

32. Under the "program access" standard, a public entity shall ensure that each of its programs, services, and accommodations are readily accessible to and usable by individuals with disabilities. Under the applicable case law, a public entity should use the ADAAG as a guide to determine whether a barrier exists.

33. Upon information and belief, ZACHARY has discriminated, and is continuing to discriminate, against MR. JACKSON in violation of the ADA by excluding and/or denying

him the benefits of its services, programs, and activities. MR. JACKSON's visits to the Property show that the Property, when viewed in its entirety, is not accessible. These physical barriers to access include but are not limited to those listed in Paragraph 21.

34. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

35. ZACHARY has discriminated against MR. JACKSON by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. § 35.101 *et. seq*.

36. ZACHARY has discriminated, and is continuing to discriminate, against MR. JACKSON in violation of the ADA by excluding and/or denying MR. JACKSON the full and equal benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities. MR. JACKSON has personally and continuously experienced the accessibility barriers each time he has visited the Property.

37. 28 C.F.R. § 35.130(1)(vii) states that "[a] public entity, in providing any aid, benefit, or service, may not … limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others receiving the aid benefit or service."

38. Additionally, 28 C.F.R. § 35.130(4)(i) provides that "[a] public entity may not, in determining the site or location of a facility, make selections- [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination…"

39. ZACHARY has violated these provisions by providing services and programs at the Property which is an inaccessible facility.

40. ZACHARY has discriminated against MR. JACKSON by excluding him from participation in, and denying him the benefits of, the services, programs, and/or activities at its Property because of MR. JACKSON's disability, all in violation of 42 U.S.C. § 12132.

41. Upon information and belief, ZACHARY continues to discriminate against MR. JACKSON by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

42. ZACHARY was alerted to Plaintiff's request for reasonable accommodation but failed to provide it despite notice of need for the accommodation.

43. The above conduct constitutes intentional discrimination.

44. The above conduct constitutes deliberate indifference.

45. Upon information and belief, MR. JACKSON and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities offered at the Property, and have otherwise been discriminated against and damaged by ZACHARY because of ZACHARY's discrimination, as set forth above.

46. MR. JACKSON and all others similarly situated will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy ZACHARY's discriminatory violations and avoid piecemeal litigation, MR. JACKSON requires a full inspection of ZACHARY's Property in order to catalogue and cure all the areas of non-compliance with the ADA.

47. Upon information and belief, ZACHARY has been aware of the existence of architectural barriers at the Property since at least July 31, 2025, when MR. JACKSON submitted a reasonable accommodation request.

48. MR. JACKSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from ZACHARY pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

49. MR. JACKSON is suffering irreparable harm by virtue of ZACHARY's invasion of the rights conferred on him by 42 U.S.C. § 12131, *et seq.*

50. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is vested with authority to grant MR. JACKSON injunctive relief including to order that ZACHARY alter the Property to make its programs, services, and activities readily accessible to and useable by MR. JACKSON and all other persons with mobility-related disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

51. MR. JACKSON adopts and re-alleges the allegations contained in paragraphs 1-51 as if fully stated herein.

52. MR. JACKSON brings this claim against ZACHARY, based upon Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

53. Upon information and belief, ZACHARY has been and continues to be a recipient of federal financial assistance within the meaning of 49 C.F.R. § 27.5 and is therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations.

54. The Rehabilitation Act provides that:

    > No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 U.S.C. § 794(a).

55. Upon information and belief, as set forth herein, ZACHARY has violated the Rehabilitation Act by intentionally excluding MR. JACKSON, solely by reason of his disability, from participation in, and denying him the benefits of, and has otherwise subjected him to discrimination under ZACHARY's programs, services, and activities.

56. Upon information and belief, a non-exclusive list of ZACHARY's violations of the Rehabilitation Act and discriminatory conduct against MR. JACKSON are evidenced by:

    A. Denying MR. JACKSON's access to, and the opportunity to participate in or benefit from, the programs, services, and activities offered at the Property;

    B. By otherwise limiting MR. JACKSON in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who participate in the programs, services, and activities offered by ZACHARY at the Property;

    C. Making facility, site, or location selections that have the effect of discriminating against individuals with disabilities, such as MR. JACKSON, and excluding them from and denying them the benefits

    of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by ZACHARY at the Property;

  D. Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of MR. JACKSON and others similarly situated;

  E. Excluding MR. JACKSON from participation in, and the benefits of, ZACHARY's services, programs, and activities as a result of ZACHARY's Property being inaccessible to or unusable by MR. JACKSON; and

  F. Failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and usable by individuals with disabilities.

57. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which MR. JACKSON is more likely than not going to encounter upon future visits to the Property. MR. JACKSON brings this action:

  A. To redress injuries suffered as a result of ZACHARY's discriminatory actions and inactions, as set forth herein;

  B. To reasonably avoid further and future injury as a result of ZACHARY's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA and Rehabilitation Act;

  C. To ensure the Property is accessible as required by the relevant applications of Title II of the ADA;

  D. To be made whole and ensure future compliance; and

      E.      to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws, as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

58. Only through a complete inspection of the Property and related facilities, undertaken by MR. JACKSON and/or his representatives, can all said violations be identified and cured so as to ensure access for individuals with disabilities, the primary purpose of this action.

59. Upon information and belief, as the recipient of federal funds, ZACHARY is liable for damages to MR. JACKSON as a result of its acts and omissions constituting intentional discrimination. It is MR. JACKSON's position that even an award of nominal damages in his favor would confer significant civil rights to the public, as a judgment against ZACHARY, regardless of the amount, would likely deter ZACHARY from discriminating against individuals with disabilities in the future.

60. As set forth above, MR. JACKSON has been denied access to, and without the relief requested herein will continue to be denied access to the services, programs, facilities and activities offered by ZACHARY, solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability, as a result of ZACHARY's Rehabilitation Act violations set forth above.

61. MR. JACKSON has retained undersigned counsel for the filing and prosecution of this action. MR. JACKSON is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from ZACHARY pursuant to 29 U.S.C. §794(b).

62. Pursuant to 29 U.S.C. §794(a), this Court is provided authority to grant MR. JACKSON injunctive relief, including an Order that ZACHARY alter the subject premises, facilities, services, activities, programs, and accommodations to make them accessible to and useable

by individuals with disabilities to the extent required by the Rehabilitation Act, or an Order that ZACHARY close all premises and facilities and discontinue all non-complying services, activities, programs, and accommodations until the requisite modifications are completed. This Court is also provided authority to grant MR. JACKSON compensatory damages for ZACHARY's discriminatory actions.

63. Upon information and belief, as set forth herein, ZACHARY has violated the Rehabilitation Act by intentionally excluding MR. JACKSON, solely by reason of his disability, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under ZACHARY's programs and activities. These actions constitute intentional discrimination and deliberate indifference.

## COUNT III
## NEGLIGENCE PURSUANT TO LA. CIV. CODE ART. 2317

64. MR. JACKSON adopts and re-alleges the allegations contained in all preceding paragraphs as if fully stated herein.

65. Upon information and belief, ZACHARY is the owner of the Zachary City Court.

66. At all times relevant to this action, the Property was under the direction and control of ZACHARY.

67. Upon information and belief, ZACHARY, through its employees, was aware that its parking lot was not ADA compliant.

68. Upon information and belief, ZACHARY had a duty to ensure that its parking lot complied with the ADA.

69. Upon information and belief, ZACHARY, through its employees, had an obligation and duty to ensure that its parking lot complied with the ADA and Rehab Act.

70. Despite this duty, ZACHARY declined to keep its parking lot in compliance with the ADA.

71. Upon information and belief, it was reasonably foreseeable that individuals who use wheelchairs, including MR. JACKSON, would fall and sustain injuries while trying to use the non-compliant parking lot.

72. Upon information and belief, the condition of the parking lot at the Property created an unreasonable risk of harm.

73. ZACHARY could have prevented MR. JACKSON's injuries by repairing the parking lot and ensuring it was ADA complaint.

74. ZACHARY failed to exercise reasonable care and failed to maintain the parking lot in reasonably safe condition by keeping it compliant with the ADA.

75. ZACHARY had a duty to have an ADA compliant parking lot.

76. MR. JACKSON's injuries were caused actually and proximately by the negligence of ZACHARY.

77. Due to ZACHARY's failure to maintain its parking lot in compliance with the ADA, MR. JACKSON sustained bodily injuries, past and future pain, suffering, mental anguish, and inconvenience.

**PRAYER FOR RELIEF**

WHEREFORE, MR. JACKSON prays that:

    A.    This Court issue a Declaratory Judgment that determines that ZACHARY is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

    B.    This Court issue a Declaratory Judgment that determines that the Property, programs, and activities owned, operated, and administered by ZACHARY in violation of the Rehabilitation Act;

C.  This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered by ZACHARY are in violation of the Rehabilitation Act;

D.  This Court grant permanent injunctive relief against ZACHARY including an Order to make all required alterations to the Property; or to make the Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require ZACHARY to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of failure to remove mobility-related barriers;

E.  This Court enter an Order directing ZACHARY to alter and modify the Property and its programs, services, and accommodations to comply with the ADA and the Rehabilitation Act;

F.  This Court award MR. JACKSON monetary damages, including nominal damages, pursuant to the ADA and/or Rehabilitation Act, for the harm caused by ZACHARY's discrimination;

F.  This Court award MR. JACKSON reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175;

14

G.  This Court award compensatory damages pursuant to Louisiana Code of Civil Procedure 2317 (negligence); and

G.  Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA and the Rehabilitation Act.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
       gdereus@bizerlaw.com
       eva@bizerlaw.com